**FILED**

**February 1, 2022**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **H.B. and E.B.**

**No. 21-0624** (Gilmer County 21-JA-1 and 20-JA-11)

**MEMORANDUM DECISION**

Petitioner Mother T.T., by counsel Andrew Chattin, appeals the Circuit Court of Gilmer County's July 7, 2021, order terminating her parental and custodial rights to H.B. and E.B.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Patrick Morrisey and Lee Niezgoda, filed a response in support of the circuit court's order. The guardian ad litem, Mary Elizabeth Snead, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental and custodial rights without granting her an improvement period.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2020, the DHHR filed an abuse and neglect petition alleging that petitioner was arrested following a search of her home by law enforcement that uncovered drug paraphernalia in the bed in which E.B. slept, a firearm that was fully loaded and unsecured, several piles of dog feces in the room where E.B. slept, and cockroaches throughout the home. Based on these unsafe conditions and petitioner's arrest, the DHHR alleged that petitioner abused and neglected E.B.

Later during the proceedings, the DHHR filed an amended petition upon the birth of H.B. According to the amended petition, the DHHR attempted to contact petitioner in February of 2021 to discuss the status of her pregnancy, but could not reach her at any number she provided. The

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

1

DHHR called area hospitals and eventually confirmed that petitioner had been a patient at Women and Children's Hospital. Then, after obtaining an additional telephone number from one of petitioner's service providers, the DHHR was able to make contact with petitioner, who informed the DHHR that she was receiving treatment at Women and Children's Hospital and that her labor had been induced. However, discussions with personnel at the hospital indicated that petitioner had been discharged several days prior with the baby. The DHHR then investigated petitioner's last known address and that of the maternal grandmother, where they were provided a new address for petitioner and informed that petitioner had the child with her. Upon arriving at petitioner's residence, the child's father became belligerent and had to be told by law enforcement several times to calm down. The DHHR noted that the home was unsuitable for the child, consisting only of an air mattress and a crib.

During the proceedings, petitioner filed a motion for a post-adjudicatory improvement period in which she asserted that she would comply with the requirements thereof. Petitioner also stipulated to the allegations against her at an adjudicatory hearing and was adjudicated as an abusing and neglecting parent.

Ultimately, the proceedings culminated in dispositional hearings in March and April of 2021. According to the evidence, petitioner missed several drug screens during the proceedings, including four in the eighteen days between dispositional hearings. Additionally, testimony established that petitioner continued to reside with the children's father, despite having been instructed to end her relationship with him because of his ongoing substance abuse. According to the evidence, although the residence was appropriate, it lacked furniture and other necessities in order to permit visitation, let alone a return of the children to the home. Additionally, a DHHR worker testified that petitioner indicated that she would attend substance abuse treatment if the court ordered her to do so. Although the DHHR recommended an improvement period for petitioner, "the Department did not have high expectations that [petitioner] would complete the same." During her testimony, petitioner admitted to the father residing with her, but claimed she would "stay away . . . if ordered to do so by the [c]ourt." The guardian objected to an improvement period for petitioner because of her failure to demonstrate that she would be compliant if granted one. The guardian pointed out that petitioner had not been truthful with the court during the proceedings and continued to miss drug screens, thereby evidencing that it would be unlikely she would fully participate in an improvement period.

The court then found that petitioner's testimony lacked credibility, as it was "not the first time that [petitioner] has been dishonest with this [c]ourt." The court further found that testimony from a probation officer that administered petitioner's urine screens "completely refute[d]" petitioner's testimony. According to the court, although petitioner testified that she was willing to comply with an improvement period, she failed to demonstrate that she would comply through her actions, which included her failure to comply with the court's orders by using controlled substances and failing to submit to drug screens as required. Based on this evidence, the court denied petitioner's motion for an improvement period. The court also found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the children deserved permanency. As such, the court terminated

petitioner's parental and custodial rights to the children.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the court erred in terminating her parental rights without first granting her an improvement period. Petitioner's argument to this Court, however, demonstrates a fundamental misconception about improvement periods in abuse and neglect proceedings and a parent's burden of proof to obtain one. According to petitioner, an improvement period "could have allowed [her] the opportunity to correct the conditions which led to the filing of the [p]etition." What petitioner fails to recognize, however, is that she was given just such an opportunity throughout the entirety of the proceedings. Instead of correcting the issues, however, petitioner was dishonest about her pregnancy with H.B. and failed to comply with the basic step of submitting to drug screens as required.

Further, petitioner fails to explain how her self-serving testimony was sufficient to satisfy her burden for obtaining an improvement period, especially in light of the court's finding that petitioner's testimony lacked credibility. As we have explained, a parent's "entitlement to an improvement period is conditioned upon the ability of the [parent] to demonstrate 'by clear and convincing evidence, that the [parent] is likely to fully participate in the improvement period.'" *In re Charity H.*, 215 W. Va. 208, 215, 599 S.E.2d 631, 638 (2004) (citation omitted). Here, the record shows that petitioner could not satisfy this burden because she failed to fully participate in the services offered below. While it is true that the DHHR admitted that petitioner complied with some services, the record shows that petitioner's dishonesty regarding H.B.'s birth and the actions she took to conceal the child from the DHHR were a significant factor in the court's denial of an improvement period. Further, it is important to note that the only evidence petitioner offered in order to satisfy her burden was her own testimony, which the court found incredible. We decline

---

[2]The father's rights were also terminated below. The permanency plan for the children is adoption in their current foster home.

to disturb this finding on appeal. *Michael D.C. v. Wanda L.C.*, 201 W. Va. 381, 388, 497 S.E.2d 531, 538 (1997) ("A reviewing court cannot assess witness credibility through a record. The trier of fact is uniquely situated to make such determinations and this Court is not in a position to, and will not, second guess such determinations."). Because the record shows that petitioner could not satisfy the applicable burden, we find no abuse of the circuit court's discretion in denying petitioner's motion for an improvement period. *See In re M.M.*, 236 W. Va. 108, 115, 778 S.E.2d 338, 345 (2015) ("West Virginia law allows the circuit court discretion in deciding whether to grant a parent an improvement period."); Syl. Pt. 6, in part, *In re Katie S.*, 198 W. Va. 79, 479 S.E.2d 589 (1996) ("It is within the court's discretion to grant an improvement period within the applicable statutory requirements . . . .").

Finally, petitioner argues that the circuit court erred in terminating her parental and custodial rights. In her limited argument on this issue, petitioner simply asserts that the evidence did not support the finding that there was no reasonable likelihood that she could substantially correct the conditions of abuse and neglect in the near future. We do not agree. Contrary to petitioner's arguments, the record overwhelmingly supports this finding. As noted above, the court found that petitioner was unlikely to correct the conditions of abuse and neglect because of her dishonesty with the court and her inability to comply with even the elementary requirement of drug screening. Most telling, in the eighteen days between the dispositional hearings, petitioner missed four drug screens, demonstrating her unwillingness to comply with the requirements designed to remedy the conditions of abuse and neglect at issue.

According to West Virginia Code § 49-4-604(d)(3), a situation in which there is no reasonable likelihood that conditions of abuse and neglect can be substantially corrected in the near future includes one in which "[t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts." Here, petitioner failed to even comply with drug screens, to say nothing of her dishonesty surrounding H.B.'s birth. As such, there is overwhelming evidence to support the court's finding. Further, we have explained that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Consequently, we find no error in the court's termination of her parental and custodial rights.

For the foregoing reasons, we find no error in the decision of the circuit court, and its July 7, 2021, order is hereby affirmed.

Affirmed.

**ISSUED**: February 1, 2022


**CONCURRED IN BY**:

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice William R. Wooton